# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LARRY DONIVAN WAHL and ) | Bankruptcy Case No. 12-10491-R |
| CYNTHIA JOAN WAHL, ) | |
| ) | Adversary Proceeding |
| ) | Case No. 12-01038-R |
| Debtors. ) | |
| _____) | |
| HILDA SOLIS, ) | |
| Secretary of Labor, United States ) | |
| Department of Labor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-395-CVE-FHM |
| ) | |
| CYNTHIA WAHL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the Unopposed[1] Motion to Withdraw the Reference of Plaintiff's Adversary Complaint from the Bankruptcy Court to the District Court (Dkt. # 2). Plaintiff Hilda Solis, Secretary of Labor for the United States Department of Labor, filed an adversary complaint against Cynthia Wahl in the United States Bankruptcy Court for the Northern District of Oklahoma asserting that certain debts were non-dischargeable. Solis asks the Court to withdraw the reference of the adversary proceeding to the bankruptcy court under 28 U.S.C. § 157(d). Wahl has not filed a response to Solis' motion.

---

[1] The motion is styled as an "unopposed" motion, although there is no statement as to the opposing party's position on plaintiff's request for withdrawal of the reference.

On August 17, 2011, Solis filed a civil case against Wahl, Wahlco Fabricators, Inc. (Wahlco), and the Wahlco Fabricators, Inc. SIMPLE IRA Plan (the Plan). Solis v. Wahl et al., 11-CV-509-JHP-TLW (N.D. Okla.). Solis alleges that Wahl was a fiduciary of the Plan and, inter alia, that Wahl failed to remit employee contributions to the Plan in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). Solis seeks injunctive and equitable relief on behalf of Plan participants. Wahl filed a petition seeking relief under Chapter 7 of the United States Bankruptcy Code in February 2012, and she filed a notice of bankruptcy in the civil case. The civil case has not been stayed as to Wahl, but Solis has taken no further action to prosecute her claims against Wahl. However, Solis has obtained entry of default by the Court Clerk as to Wahlco, and Solis has filed a motion for default judgment against Wahlco that is set for hearing. On May 29, 2012, Solis filed an adversary proceeding against Wahl in the bankruptcy court seeking a ruling that any debt owed by Wahl to the Plan, of which Wahl is allegedly a fiduciary, is not dischargeable under 11 U.S.C. § 523(a)(4). Dkt. # 3, at 4-10. Solis claims that Wahl was the vice president and payroll administrator for Wahlco, and Wahl made the decision not to remit employee contributions to the Plan. Id. at 7. She states that the funds withheld from employee paychecks were commingled with Wahlco's general accounts and were used for the benefit of Wahlco. Id. at 8.

Solis asks the Court to withdraw the reference of the adversary proceeding to the bankruptcy court. Dkt. # 2. She argues that withdrawal of the reference is mandatory due the presence of the following issues arising under ERISA:

1. Whether the Plan is or was an ERISA-covered plan;

2. Whether Cynthia Wahl was a fiduciary to the Plan within the meaning of ERISA Section 3 (21)(A), 29 U.S.C. 1002(21)(A), in that she exercised control over the disposition of Plan assets and had discretionary authority in the administration of the Plan;

3. With respect to the Plan, whether Cynthia Wahl violated her fiduciary obligations under ERISA: a) by failing to forward employee contributions to the Plan in accordance with the documents and instruments governing the Plan; b) by failing to timely forward employee contributions to the Plan; c) by failing to segregate employee contributions from the company's general accounts; and d) by transferring the Plans' [sic] assets to a party in interest.

4. Whether Cynthia Wahl is liable for the alleged breaches of fiduciary responsibility alleged in the complaints.

Dkt. # 2, at 12. If the Court were to find that mandatory withdrawal of the reference were not required, Solis argues that permissive withdrawal is appropriate in the interest of judicial economy.

Under § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Section 157 is interpreted narrowly and it is not intended to be an "escape hatch" from bankruptcy court. See In re Lenard, 124 B.R. 101, 102 (D. Colo. 1991). Withdrawal of the reference is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). However, permissive withdrawal of the reference is permitted if non-core bankruptcy issues are predominant or other factors suggests that withdrawal of the reference will promote judicial efficiency. Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). Under N.D. Okla. LCvR 84.1, a party seeking withdrawal of a reference must file a motion with the bankruptcy court, and the bankruptcy judge shall enter an order determining whether the proceeding "is a core proceeding or a proceeding that is otherwise related to a case under Title 11." In this case, Solis has complied with LCvR 84.1 and the bankruptcy judge has entered an order determining that the adversary proceeding is a core proceeding under § 157(b)(2)(B). Dkt. # 3, at 15.

Solis argues that withdrawal of the reference is mandatory because the bankruptcy court will have to consider certain issues arising under ERISA to determine whether debts owed by Wahl to the Plan are dischargeable under Chapter 7. Dkt. # 2, at 12. However, the mere presence of issues arising under federal laws other than Title 11 is not sufficient for mandatory withdrawal of the reference. Abrahams v. Phil-Con Servs., LLC, 2010 WL 4875581 (S.D. Ala. Nov. 23, 2010); BankUnited Financial Corp. v. FDIC, 436 B.R. 216 (S.D. Fla. 2010). The Tenth Circuit has not considered what standard applies for mandatory withdrawal under § 157(d). The leading case on this issue is In re Matter of Vicars Ins. Agency, Inc. 96 F.3d 949 (7th Cir. 1996), in which the Seventh Circuit held that mandatory withdrawal is required when there are "substantial and material" issues of non-bankruptcy law that must be resolved. Id. at 953. To constitute a "substantial and material issue" of non-bankruptcy law, there must be "more than the mere application of well-settled or 'hornbook' non-bankruptcy law . . . [and] 'significant interpretation' of the non-Code statute must be required." Id.; see also City of New York v. Exxon Corp., 932 F. 2d 1020, 1026 (2d Cir. 1991) ("This mandatory withdrawal provision has been interpreted to require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes."); In re Chrysler, LLC, 2009 WL 1490990 (S.D.N.Y May 26, 2009) ("This narrow construction [of § 157(d)] means that a District Court should not withdraw the reference where the bankruptcy issues to be resolved depend on the interpretations of a non-bankruptcy statute but that this interpretation is closely intertwined with standard bankruptcy considerations").

The adversary proceeding requires the consideration of bankruptcy and non-bankruptcy issues, but it is unclear whether the non-bankruptcy issues are as substantial as Solis claims. Solis

alleges that Wahl was a fiduciary of the Plan and that Wahl has incurred debts to the plan that are not dischargeable in bankruptcy. Dkt. # 3, at 9. Wahl objects to the non-dischargeability of any debts owed to the Plan, and she claims that she did not commingle the funds of Wahlco and the Plan. Id. at 12. There is a substantial body of law as to who qualifies as an ERISA fiduciary, and determination of this issue will likely require only the application of well-settled non-bankruptcy law. The remaining questions posed by Solis primarily turn on the resolution of the factual issue of whether Wahl actually withheld employee contributions from the Plan. This does not require any interpretation of ERISA. If the debts are found to be non-dischargeable, this finding would be based on § 523(a)(4), which provides that a debt incurred by "fraud or defalcation while acting in a fiduciary capacity" is not dischargeable in bankruptcy proceedings. The bankruptcy court has determined that this is a core proceeding concerning the allowance or disallowance of a claim against the bankruptcy estate, and this suggests that the key issue in the adversary proceeding is the application of Title 11, rather than any non-bankruptcy law that may incidentally arise. The Court finds that the adversary proceeding may require the application of ERISA but, at its heart, the adversary proceeding is a core proceeding to determine the dischargeability of certain debts under Title 11. Thus, mandatory withdrawal of the reference is not required.

Solis also argues that permissive withdrawal of the reference of the adversary proceeding is appropriate in the interest of judicial economy. Solis has identified seven factors that a district court may consider when determining whether to grant a request for permissive withdrawal of a reference:

> (1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the

bankruptcy process; and (7) the presence of a jury demand.

Samson Resources Co. v. Valero Marketing and Supply Co., 449 B.R. 120, 132 (D.N.M. 2011). This is a core proceeding concerning the "allowance or disallowance of claims" against the bankruptcy estate, even if it is related to a proceeding in another court, and this weighs heavily against granting Solis' request for permissive withdrawal. As a core proceeding, this is precisely the kind of issue that falls within the expertise of the bankruptcy court, and there is a strong preference for resolving core proceedings in the bankruptcy court. See 28 U.S.C. § 157; In re Merrillville Surgery Center, LLC, 2012 WL 3732855 (N.D. Ind. Aug. 28, 2012); In re QSM, LLC, 453 B.R. 807, 811 (E.D. Va. 2011). Solis argues that judicial economy will be favored if the reference is withdrawn, because the same issues are raised in the district court litigation. However, Solis also ignores the fact that Wahl has filed for personal bankruptcy, and there will be multiple proceedings involving the dischargeability of Wahl's debts, even if this Court were to withdraw the reference of the adversary proceeding. Solis raises no other arguments in support of her request for permissive withdrawal of the reference, and the Court can find no other factor that would support permissive withdrawal. Allowing the bankruptcy court to hear the adversary proceeding will expedite the bankruptcy process, and this is not a case where any party would be entitled to a jury trial. This will also promote uniformity in bankruptcy administration, as the adversary proceeding concerns the discharge of certain debts and the application of the United States Bankruptcy Code, and these matters should be left to the expertise of the bankruptcy court. The Court finds that Solis' request for permissive withdrawal of the reference to the bankruptcy court should be denied.

**IT IS THEREFORE ORDERED** that the Unopposed Motion to Withdraw the Reference of Plaintiff's Adversary Complaint from the Bankruptcy Court to the District Court (Dkt. # 2) is **denied**.

**DATED** this 22nd day of October, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE